(46 South. 888.)

No. 17,156.

STATE v. ROBICHAUX.

(June 22, 1908.)

HOMICIDE—EVIDENCE—PRIOR THREATS.

Accused, with members of his family, and deceased, being on different sides of a fence separating their respective premises, accused told deceased that he would require him to prove in court a certain statement that he had made about his (accused's) sister, whereupon deceased said, "It is this night that I shall judge you all," and immediately ran into his house and returned with a vessel, the contents of which he emptied in the direction of the accused and his family, saying, "All of you are not worth that," and accused thereupon shot and killed him.

Held, that there was no such proof of an overt act as to authorize the introduction of evidence of prior threats by the deceased.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 26, Homicide, § 338.]

(Syllabus by the Court.)

Appeal from Twentieth Judicial District Court, Parish of Terrebonne; Whitmell Pugh Martin, Judge.

Camille Robichaux was convicted of manslaughter, and appeals. Affirmed.

Wallis & Gagné, for appellant. Walter Guion, Atty. Gen., and Henry Magnus Bourg, Dist. Atty. (Lewis Guion, of counsel), for the State.

### Statement of the Case.

MONROE, J. Defendant was tried for murder and convicted of manslaughter. He presents his case to this court upon the following bill of exceptions, to wit:

"Camille Robichaux is now on trial for murder. The evidence has disclosed that the deceased originated the difficulty by offensive comments to and about the mother and sister of the accused. The accused appeared in his back yard and told deceased that he would require him to prove in court the truth of the assertion, made by the deceased, that the sister of the accused was a little Indian. The accused replied, 'It is this night that I shall judge all of you,' and started running to his house. In a few moments he reappeared with a chamber, and emptied the contents towards the mother of the accused, with the remark that 'All of you are not worth that,' and continued to run towards accused and his mother, whereupon accused shot him. At this point accused is

asked if he had knowledge of previous threats made against him and his family by deceased, and the state objects to the introduction of previous threats, on the ground that the proper foundation has not been laid, in that no overt act is shown to have been committed. Accused replies that the words, 'This is the night that I am going to judge you all,' accompanied by the action of the deceased in returning into his house and reappearing, almost immediately, holding a chamber in his left hand, and running towards accused and his mother, throwing the contents towards them with the remark, 'You are not worth what is in this,' constituted such a hostile demonstration towards accused and his family as entitled him to show previous threats made by deceased against the accused and his family, for the purpose of justifying the reasonableness of the fear that accused, or his mother, were in danger of death or great bodily harm, and for the purpose of explaining the meaning attached to the words, 'This is the night I shall judge you all.' "

Here follows what we take to be the statement of the judge, to wit:

"The facts are correctly stated in the foregoing bill, except that the evidence did not show that the deceased continued to advance after throwing the contents of the chamber, or night vase, at the same time remarking that, 'You are all no better than that.' It is true that the accused himself did so testify; but he first stated that he shot just as the accused emptied the chamber and made the insulting remark, and all of the other witnesses, including father, mother, and brother of the accused, testified that the shot was fired just as the insulting remark was made, and testified, further, that immediately after the shot, from a shotgun loaded with buck shot, the deceased turned and went into his house, where he dropped and died. Considering that the deceased made no hostile demonstration, was unarmed, and was, at the time, separated from accused by his fence between the two yards. the court was of opinion that the remark, 'This night I will judge you,' made by deceased before reappearing with the night vase, was not such an overt act or threat as justified the accused in believing that his life was in danger at the time of his firing the fatal shot. The evidence in the case satisfied the court that the shot was fired in the heat of passion, brought on by the very insulting remark made by deceased when he emptied his chamber, or night vase, and the jury rendered the proper verdict of manslaughter. But, while the remark was very insulting, and one calculated to arouse the passions, it was not one that would lead one to believe that his life was in danger, and for this reason the court excluded evidence tending to show former threats. The provocation which aroused the passion of accused in this case is a matter to be considered by the court in passing sentence."

The accused, it may be remarked, was sentenced to imprisonment at hard labor for 18 months and a fine of $1.

## Opinion.

There is no testimony attached to the bill of exception, and, as stated by defendant's counsel, that which was given did not prove an overt act on the part of the deceased upon which the accused could reasonably have predicated the fear that his life, or that of any member of his family, was in danger, or that either was threatened with bodily harm; and still less was that the case when the testimony, as stated by the judge (whose statement controls), is considered. There was, therefore, no error in the ruling complained of, and the judgment appealed from is accordingly affirmed.